UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONNA SCHULTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>OLYMPIC MEDICAL CENTER, a Washington Public Hospital District, and its BOARD MEMBERS, MIKE GLENN, a married person, in his capacity as Administrator of Olympic Medical Center, LAURA JOSHEL, in her capacity as Employee Relations Coordinator, STEVE HASELWANDER, in his capacity as manager of the Olympic Medical Sleep Center, UNITED FOOD AND COMMERCIAL WORKERS LOCAL 21, a labor organization,,<br><br>    Defendants. | Case No. C07-5377 FDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' motion for reconsideration of this Court's September 30, 2008 Order granting in part and denying in part Defendants' motion for summary judgment. Defendants' assert that (1) the Court erroneously held that there was "no procedural bar" to Plaintiff's breach of collective bargaining agreement claim, and (2) the Court failed to rule on the motion to dismiss the WLAD claims against the individual defendants, Mike

ORDER - 1

Glenn and Laura Joshel. The Court, having reviewed the motion, denies reconsideration of the claim for breach of the collective bargaining agreement and grants reconsideration of the WLAD claims and dismisses the individual Defendants Mike Glenn and Laura Joshel from this cause of action.

## Standards for Reconsideration

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence.

## Breach of Collective Bargaining Agreement

Defendant contends that Plaintiff failed to exhaust her collective bargaining agreement (CBA) because she failed to arbitrate her grievances. The Court disagrees.

Federal labor law mandates that employees seeking to sue for breach of a collective bargaining agreement must first exhaust the grievance/arbitration procedures set forth by the collective bargaining agreement. Republic Steel Corp. v. Maddox, 379 U.S. 650, 653 (1965). Since the employee's claim is based upon breach of the collective bargaining agreement, she is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. Vaca v. Sipes, 386 U.S. 171, 184 (1967). For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Id.

It is undisputed that Plaintiff filed grievances concerning the denial of promotion and her termination. The Defendants claim, nonetheless, that Plaintiff failed to exhaust all available procedures because she did not proceed to arbitration. The governing CBA, however, provides that the **employee and/or the union representative shall present grievances**. The arbitration provisions provide that "[i]f the grievance is not settled on the basis of the foregoing procedures, **the Union may submit the issue in writing to arbitration** ...." This arbitration provision does not

ORDER - 2

authorize the employee to submit a grievance to arbitration, but places this authority solely with the Union. The Union is provided with discretion in that it "may" submit an unsettled grievance to arbitration. Here the Union declined to proceed to arbitration on behalf of Plaintiff. Plaintiff had no control over the Union's exercise of discretion and was not entitled to proceed to arbitration without the Union's assent. Plaintiff nonetheless exhausted (or at least attempted to exhaust) the exclusive grievance and arbitration procedures. Accordingly, Plaintiff is not required to establish that she was not fairly represented prior to commencing suit. See, Clayton v. International Union, 451 U.S. 679 (1981).

Defendants' motion for reconsideration of the claim of breach of the collective bargaining agreement is denied.

**WLAD and Individual Defendants**

Supervisors acting in the interest of an employer can be held individually liable for discriminatory acts against an employee. Supervisors are liable for discrimination prohibited by the WLAD when they affirmatively engage in discriminatory conduct. Brown v. Scott Paper Worldwide Co., 143 Wn.2d 349, 359-361 (2001). Plaintiff presented no evidence that Mike Glenn engaged in age discrimination against Plaintiff. The only evidence that Laura Joshel engaged in discriminatory conduct was in the nature of speculation. Mere allegation and speculation do not create a factual dispute for purposes of summary judgment. Nelson v. Pima Community College, 83 F.3d 1075, 1081-82 (9th Cir. 1996). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Accordingly, the individual Defendants Mike Glenn and Laura Joshel are entitled to summary judgment of dismissal of the WLAD claims.

**Conclusion**

For the above stated reasons, it is hereby

ORDER - 3

1     ACCORDINGLY;

2     ORDERED:

3 Defendants' motion for reconsideration [Dkt. # 68] is **GRANTED IN PART AND**

4 **DENIED IN PART**. The motion for reconsideration of the claim for breach of collective

5 bargaining agreement is **DENIED**. The motion for reconsideration of the WLAD claims

6 against the individual Defendants Mike Glenn and Laura Joshel is **GRANTED**, and the

7 WLAD claims against these individual Defendants is **DIMISSED**.

9     DATED this 14th day of October, 2008.

13     FRANKLIN D. BURGESS
    UNITED STATES DISTRICT JUDGE

26 ORDER - 4